**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Michael Tyrone Quarles, Appellant.

Appellate Case No. 2013-001159

———————

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-317
Heard April 15, 2015 – Filed July 1, 2015

———————

**AFFIRMED**

———————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina Catoe Bigelow, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

———————

**PER CURIAM:** Michael Tyrone Quarles appeals his convictions for kidnapping and armed robbery, arguing the trial court erred by admitting a recording of the

victim's 911 call and allowing it to be played for the jury.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Collins*, 409 S.C. 524, 530, 534, 763 S.E.2d 22, 25, 27-28 (2014) (stating the admission of evidence, or its exclusion under Rule 403, SCRE, is within the trial court's sound discretion); *State v. Gray*, 408 S.C. 601, 608, 759 S.E.2d 160, 164 (Ct. App. 2014) (recognizing this court will not reverse the trial court's decision regarding a Rule 403 objection absent an abuse of discretion and resulting prejudice); *State v. Stephens*, 398 S.C. 314, 319-20, 728 S.E.2d 68, 71 (Ct. App. 2012) (noting this court must give great deference to the trial court's decision regarding Rule 403); *State v. Shuler*, 353 S.C. 176, 184-86, 577 S.E.2d 438, 442-43 (2003) (applying a Rule 403 analysis to assess the admissibility of a 911 tape).

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**